IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-265-MOC-DCK

| | |
|---|---|
| RONALD C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| STATE OF NORTH CAROLINA, ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| SECRETARY OF STATE, and the ) | |
| NC STATE BOARD OF ELECTIONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 19) and "Plaintiff's Motion For Summary Judgment" (Document No. 26). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be <u>granted</u> and the motion for summary judgment be <u>denied as moot</u>.

### I. BACKGROUND

Ronald C. Williams ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1) on May 18, 2017. Plaintiff then filed an "Amended Complaint" (Document No. 3) pursuant to Fed.R.Civ.P. 15 (a)(1) on May 23, 2017. The Amended Complaint names the State of North Carolina, the North Carolina Department of State, and the NC State Board of Election as "Defendants" in this action and seeks declaratory relief from this Court. (Document No. 3). Specifically, Plaintiff asks this Court to declare that: the "winner-take-all" and "vote inequality" methods he attributes to the process by which the Electoral College elects a President

and Vice President of the United States violate the Fifth and Fourteenth Amendments to the United States Constitution;  a "pro rata" method would be constitutional;  "the results of the 2016 presidential and vice-presidential election are null and void *ab initio*;" and that Defendants must re-calculate the 2016 votes for President and Vice-President using the "pro rata" method. (Document No. 3, p.4).

Defendants' "Motion To Dismiss" (Document No. 19) was filed on July 18, 2017.  The pending motion asserts that dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(1), (4), (5), (6), and (7) on the grounds that:

1. The Eleventh Amendment bars the Complaint;
2. Plaintiff lacks standing;
3. Plaintiff has failed to state a claim for which relief can be granted in that Plaintiff has failed to state a claim cognizable under applicable law;  and
4. This matter is now moot.

(Document No. 19, pp.1-2).  Defendants' "Memorandum Of Law…" focuses on arguments for dismissal pursuant to Rule 12(b)(1) and (6).  (Document No. 20).  "Plaintiff's Response…" (Document No. 23) was filed on July 28, 2017;  and "Defendants' Reply…" (Document No. 24) was filed on August 3, 2017.

"Plaintiff's Motion for Summary Judgment" (Document No. 26) was filed on August 28, 2017.  Defendants' Joint Response In Opposition…" (Document No. 27) was filed on September 8, 2017;  and Plaintiff's "…Reply Brief" (Document No. 33) was filed on September 27, 2017.

"Plaintiff's Motion To Amend" (Document No. 35) was filed on September 29, 2017, and has been denied by the Court.

The pending motions are now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II.  STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, 945 F.2d at 768.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

As stated in one of the cases cited by Defendants: "[c]onsidering existing case law, the Court need not delve too deeply into the content of Plaintiff's complaint because it does not create a 'plausible claim for relief.'" Schweikert v. Herring, 2016 WL 7046845, at *2 (W.D. Va. Dec. 2, 2016) (quoting Iqbal, 556 U.S. at 679). Even viewing the Amended Complaint in the light most favorable to Plaintiff, the undersigned finds Defendants' arguments for dismissal to be compelling. Defendants' briefs are thorough and well-supported by relevant legal authority. (Document Nos. 20 and 24). In contrast, "Plaintiff's Response…" fails to cite any legal authority to support his claims, and fails to mention, much less distinguish, *any* of the authority cited by Defendants.

4

(Document No. 23). Although Plaintiff is appearing *pro se*, he has repeatedly stated that he is a retired attorney. See (Document No. 3, p.4; Document No. 23, p.5; Document No. 26, p.2).

As suggested above, Defendants briefing in this matter is particularly well done and will be adopted in large part in this discussion. See (Document Nos. 20 and 24). First, Defendants' "Memorandum Of Law …" provides an instructive statement of the case that helps set the context of this lawsuit. (Document No. 20).

Pursuant to Article II of the Constitution of the United States, the President of the United States is to be elected by Electors appointed by the States.

> The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows. Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

U.S. Const. art. II, § 1, cl 1 & 2. The Twelfth Amendment to the Constitution of the United States sets out the manner in which the Electors appointed by the States are to cast their votes for President and Vice President.

> The Electors shall meet in their respective states and vote by ballot for President and Vice-President, one of whom, at least, shall not be an inhabitant of the same state with themselves; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice-President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate ….

U.S. Const. amend XII.

North Carolina, like forty-seven other States and the District of Columbia, uses a "winner-take-all" system for appointing the State's Electors. See (Document No. 3, pp.1-2); See also Conant v. Brown, 2017 WL 1170858, at *7 (D. Or. Mar.29, 2017) (citing the National Archives at https://www.archives.gov/federal-register/electoralcollege/faq.html#wtapv) and Schweikert v. Herring, 2016 WL 7046845, at *2. "In these States, whichever candidate receives a majority of the popular vote, or a plurality of the popular vote (less than 50 percent but more than any other candidate), takes all of the state's Electoral votes." Conant 2017 WL 1170858, at *7. Nebraska and Maine are the two exceptions. There, electors are selected by congressional district, and the remaining two electors are awarded to the candidate who earns a plurality of the statewide vote. See Schweikert, 2016 WL 7046845, at *2, n.1.

Chapter 163, Article 18, of the North Carolina General Statutes governs the appointment of North Carolina's electors. A candidate qualified to run in the state's presidential election submits to the Secretary of State a list of electors pledged to support his candidacy. Thus, the state's presidential contest is really a contest among slates of electors. A vote for a particular presidential candidate is counted as a vote for the slate of electors pledged to support him. The slate of electors which receives the greatest popular support in the state's presidential election becomes the slate which casts the state's electoral votes. See N.C. Gen. Stat. § 163-209(a); see also, Hitson v. Baggett, 446 F. Supp. 674, 675 (M.D. Ala. 1978) aff'd, 580 F.2d 1051 (5th Cir. 1978) (describing the appointment of electors in Alabama).

Defendants note that the Amended Complaint does not allege any facts specific to North Carolina, or to Plaintiff, or to any injury to Plaintiff's rights. (Document No. 20, p.4).

> Rather, plaintiff refers in general to the states and voters.
> - "NC and 47 other states have elected their electors by the "winner-take-all" method…"

- o "NC is used as an example."
- o "In each state and in every general election for President and Vice-President, the voters for the state's loser are injured as set out below."
- o "The 'pro-rata' method avoids this distortion by taking every vote all the way to the final count in the Electoral College as opposed to taking votes and giving them to the opponent at the state level in every state, thus distorting the final count."

Id. (citing Document No. 3, pp.1-3).

Next, the undersigned will briefly set out Defendants' main arguments.

**A. Eleventh Amendment**

The Eleventh Amendment bars this complaint because Plaintiff sued the State and its agencies. The relief sought does not matter. "[U]nder the Eleventh Amendment, a State cannot be sued directly in its own name regardless of the relief sought, absent consent or permissible congressional abrogation." Smith v. United States Dep't of Veteran Affairs, 2013 WL 2947019, at *4 (M.D.N.C. June 14, 2013) (internal quotations omitted). "The North Carolina Secretary of State and the North Carolina Attorney General are both state officials. Thus, the claims against them, as well as the claim against the State of North Carolina, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1)." Id. The Eleventh Amendment bars "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

Moreover, to the extent Plaintiff has sought to add individual state officers as defendants, such claims would also be barred. See Boger v. Cooper, 5:17-CV-141-FDW, 2017 WL 3496459, at *2 (W.D.N.C. 2017) ("Immunity extends not only to the State, but also to "arm[s] of the State [,]" including state officers. . . . While acting in their official capacity, state officers are entitled to Eleventh Amendment immunity because "a suit against a state official in his or her official capacity

7

is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself.") (citations omitted).

Defendants conclude that they are entitled to Eleventh Amendment immunity, and thus, this Court lacks jurisdiction over them. (Document No. 20, p.6; Document No. 24, p.2).

**B. Failure To State A Claim**

Defendants also effectively argue that Plaintiff's action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Defendants' briefs go to great length identifying binding case law, arising from similar lawsuits, which preclude the relief Plaintiff seeks here. (Document Nos. 20 and 24). Defendants' citations include the following:

> • *McPherson v. Blacker*, 146 U.S. 1, 27, 35 (1892) ("In short, the appointment and mode of appointment of electors belong exclusively to the States under the Constitution of the United States.")
>
> • *Gray v. Sanders*, 372 U.S. 368, 378-79, 380 (1963) (recognizing that the Constitution allows numerical inequality and weighing of votes in the Electoral College.)
>
> • *Bush v. Gore*, 531 U.S. 98, 104 (2000) ("The individual citizen has no federal constitutional right to vote for electors for the President of the United States unless and until the state legislature chooses a statewide election as the means to implement its power to appoint members of the Electoral College.")
>
> • *New v. Pelosi*, No. 07-40152-01, 2008 U.S. Dist. LEXIS 87447 (S.D.N.Y. Oct. 29, 2008) ("The Supreme Court has consistently declined to extend the principle of 'one person, one vote' to the electoral college."), *aff'd*, 374 Fed. Appx. 158 (2d Cir. 2010)
>
> • *Delaware v. New York*, 385 U.S. 895 (1966) (declining to hear an original jurisdiction case brought by Delaware and twelve other small states alleging that the other thirty-seven states violated the Equal Protection Clause of the Fourteenth Amendment by using winner-take-all elections to choose state electors for the electoral college.)

- *New v. Ashcroft,* 293 F. Supp. 2d 256 (E.D.N.Y. 2003) (finding that it lacked the power to strike the text of the Constitution)

- *Trinsey v. United States*, No. 00-5700, 2000 U.S. Dist. LEXIS 18387 at *8-9 (E.D. Pa. Dec. 21, 2000) (reiterating that the Electoral College and its inherent equality is contained within the Constitution itself, and that the court could not "strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent.")

- *Penton v. Humphrey*, 264 F. Supp. 250, 251-52 (S.D. Miss. 1967) ("It is the conclusion of the Court that we are bound by the dismissal of the Delaware case and that hence defendants' motion to dismiss the complaint herein must be sustained, with costs assessed to the plaintiff.")

- *Williams v. Va. State Bd. of Elections*, 288 F. Supp. 622, 628-29 (E.D. Va. 1968), *aff'd per curiam*, 393 U.S. 320 (1969) ("…the Constitution gives [the State legislatures] the choice, and use of the unit method of tallying is not unlawful.")

- S*chweikert v. Herring*, No. 3:16-CV-00072, 2016 U.S. Dist. LEXIS 166854, (W.D. Va. Dec. 2, 2016) (holding that *Williams* is binding precedent.)

- *Hitson v. Baggett*, 446 F. Supp. 674, 677 (M.D. Ala. 1978) ("Thus, consistent with the Constitution, a state may provide for the selection of presidential electors 'through *popular election* . . . or as otherwise might be directed.'"), *aff'd*, 580 F.2d 1051 (5th Cir. 1978) and *cert. denied*, 439 U.S. 1129 (1979)

- *Conant v. Brown*, No. 3:16-cv-02290-HZ, 2017 U.S. Dist. LEXIS 47964, at *22 (D. Or. Mar. 29, 2017) (citing *Williams* as good law and holding that the "Plaintiff's winner-take-all claim has no merit.");

- *Birke v. The 538 Individual Members of the Electoral College*, No. 2:16-cv-08432, at 3 (C.D. Cal. November 18, 2016) (citing to *Williams* as good law and *sua sponte* dismissing the plaintiff's *pro se* complaint) (See Doc. #20-1).

(Document No. 24, pp.4-5).

Defendants conclude that Plaintiff's claims in this matter regarding the winner-take-all method of appointing electors do not differ significantly, if at all, from those asserted in

9

McPherson, Delaware, Penton, Williams, Schweikert, Hitson, Conant, or Birke. The opinions in these cases, particularly the Supreme Court's opinion in Blacker and summary affirmation of Williams, apply herein.

Plaintiff has not offered any cases or argument to rebut the application of these cases to this matter. As such, he has failed to state a claim, and his Amended Complaint is subject to dismissal with prejudice.

## IV. CONCLUSION

In short, the undersigned finds Defendants' arguments persuasive. (Document Nos. 20 and 24). Moreover, Plaintiff's response fails to adequately address Defendants' arguments or authority. (Document No. 23). It seems that Plaintiff, although a retired attorney, is ignoring ample binding legal precedent that prevents this Court from allowing him any of the relief he seeks.

Because the undersigned finds good cause to recommend dismissal of the Amended Complaint, this "Memorandum And Recommendation" will decline to analyze the motion for summary judgment in detail. However, even if this case were not dismissed at this stage, it appears that Plaintiff's motion for summary judgment is premature and lacks adequate support for a finding that Plaintiff is entitled to judgment as a matter of law. See (Document Nos. 26, 27, and 33).

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends Defendants' "Motion To Dismiss" (Document No. 19) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion For Summary Judgment" (Document No. 26) be **DENIED AS MOOT**.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 2, 2017

David C. Keesler
United States Magistrate Judge