UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00265-MOC-DCK

| | | |
|---|---|---|
| **RONALD CALVIN WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | AMENDED ORDER |
| | ) | |
| **STATE OF NORTH CAROLINA** | ) | |
| **NC STATE BOARD OF ELECTIONS; AND THE** | ) | |
| **NORTH CAROLINA DEPARTMENT OF** | ) | |
| **SECRETARY OF STATE,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation (#38) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

**I.    Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections

that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The Court has given careful consideration to each Objection contained both in "Plaintiff's Objection" (#40) and in the plaintiff's Addendum (#41). While the Court notes that plaintiff is proceeding *pro se*, he states that he is a retired attorney. In conducting a *de novo* review as warranted, the Court joins in Judge Keesler's observation that "Plaintiff, although a retired attorney, is ignoring ample binding legal precedent that prevents this Court from allowing him any of the relief he seeks." M&R (#38) at 10. While it is clear from both the Objections and the Addendum that plaintiff disagrees with Judge Keesler's recommendation that this action be dismissed, the objections are at best general or conclusory objections that mirror plaintiff's earlier pleadings and do not direct this Court to any precise error committed by Judge Keesler. The Court has, however, carefully considered the contentions of the Amended Complaint (#3) and the Motion to Dismiss (#19). The Court fully concurs in Judge Keesler's determination that plaintiff has failed to state a plausible claim for relief as the remedy he seeks from this Court -- which is mandating that North Carolina adopt a pro-rata system for presidential electors rather than a winner-take-all scheme – is decisively foreclosed by binding precedent. M&R at 8-10;

see McPherson v. Blacker, 146 U.S. 1 (1892); Bush v. Gore, 531 U.S. 98 (2000).

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current and binding case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#38) is **AFFIRMED,** the defendant's Motion to Dismiss (#19) is **GRANTED,** and this action is **DISMISSED**. Plaintiff's Motion for Summary Judgment (#26) is **DENIED** as moot.

Signed: October 31, 2017

Max O. Cogburn Jr
United States District Judge